# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LEE BELL,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>DANIEL PARAMO, Warden, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 16-cv-00727-BAS-PCL<br><br>**ORDER:**<br><br>**(1) APPROVING AND ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY (ECF No. 26); AND**<br><br>**(2) DIRECTING JUDGMENT BE ENTERED DENYING PETITIONER'S HABEAS PETITION** |

　　　Petitioner Eddie Lee Bell, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted in 1997 for making a terrorist threat. Because of his prior felony convictions, Petitioner's sentence was enhanced under California's Three Strikes sentencing law to 29 years to life. He is now challenging the denial of his California Proposition 36 petition to recall his sentence.[1]

---

[1] California Proposition 36 "diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent  felony . . . [and] created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." *People v. Yearwood*, 213 Cal. App. 4th 161, 167–68 (2013).

On January 13, 2017, United States Magistrate Judge Peter C. Lewis issued a Report and Recommendation ("R&R") recommending that this Court deny Petitioner's habeas petition and enter judgment accordingly. (ECF No. 26.) Judge Lewis ordered that any objections to the R&R be filed no later than February 10, 2017, and that any replies to the objections be filed no later than February 24, 2017. (*Id.* 14:5–9.) To date, no objections have been filed, and neither party has requested additional time to do so.

The Court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id.* "When no objections are filed, the de novo review is waived." *Marshall v. Astrue*, No. 08-cv-1735, 2010 WL 841252, at *1 (S.D. Cal. Mar. 10, 2010) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so).

In this case, the deadline for filing objections was February 10, 2017. However, no objections have been filed, and neither party has requested additional time to do so. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Having nonetheless conducted a *de novo* review of the habeas petition, Respondent's response, the lodgement, and the R&R, the Court concludes that Judge Lewis's reasoning is sound.

//

1    Hence, the Court hereby approves and **ADOPTS** the R&R in its entirety (ECF
2    No. 26), **DENIES** Petitioner's petition for writ of habeas corpus (ECF No. 1), and
3    **ORDERS** the Clerk of the Court to enter judgment accordingly. *See* 28 U.S.C. §
4    636(b)(1).
5    In addition, a certificate of appealability may issue only if the applicant makes
6    a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).
7    Petitioner has made no such showing. Because reasonable jurists would not find the
8    Court's assessment of the claims debatable or wrong, the Court **DECLINES** to issue
9    a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
10   **IT IS SO ORDERED.**

12   **DATED:  March 29, 2017**

Hon. Cynthia Bashant
United States District Judge